UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN S. CAMPOS,

            Petitioner,

  -against-

BRANDON SMITH, Greene C.F.,
Superintendent,

            Respondent.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6580 (CBA)

**AMON, United States District Judge:**

On April 7, 2015, petitioner John S. Campos was convicted in New York Supreme Court, Richmond County, of aggravated criminal contempt, aggravated family offense, and criminal contempt in the first degree. On November 6, 2015, petitioner commenced the instant action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. # 1. ("Petition").) On March 10, 2016, respondent filed a motion to dismiss the petition without prejudice due to petitioner's failure to exhaust his claims in state court. (D.E. # 8-3 ("Resp. Mem.").) For the following reasons, the petition for a writ of habeas corpus is denied without prejudice.

## BACKGROUND

A jury found defendant guilty on November 7, 2014, after a trial held in New York Supreme Court, Richmond County. On November 24, 2014, petitioner filed a counseled motion to set aside the verdict pursuant to New York Criminal Procedure Law ("C.P.L.") § 330.30(1).[1]

---

[1] In his § 330.30(1) motion, petitioner claimed that (1) the trial court delivered erroneous jury instructions by not instructing the jury that petitioner's "prior conviction . . . and the application of an order [of] protection CANNOT be proven by the name alone"; and (2) there was insufficient evidence because the complaining witness was not credible and her testimony should not have been given any weight. (See D.E. # 8-2 ("Resp. Ex.") A.)

1

The trial court denied the motion on December 22, 2014. (See D.E. # 8-2 ("Resp. Ex.") B.) On April 7, 2015, the trial court sentenced petitioner, as a second felony offender, to an indeterminate prison term of 3 to 6 years for aggravated criminal contempt, to be served concurrently with indeterminate prison terms of 2 to 4 years for aggravated family offense and criminal contempt in the first degree. (D.E. # 8-1, Declaration of Thomas B. Litsky ("Litsky Decl.") ¶ 3; Resp. Ex. C.)

Petitioner filed a notice of appeal on April 7, 2015. (Litsky Decl. ¶ 12.) On July 17, 2015, he filed a pro se motion—along with another pro se notice of appeal—in the New York Appellate Division, Second Department, seeking leave to prosecute the appeal as a poor person and for the assignment of counsel, and for relief pursuant to C.P.L. § 440.10. (Id. ¶ 13; Resp. Ex. C.) On August 19, 2015, the Appellate Division denied petitioner's pro se motion. (Resp. Ex. D.) To the extent that petitioner sought relief under C.P.L. § 440.10, the Appellate Division denied petitioner's motion without prejudice to petitioner making a C.P.L. § 440.10 motion in the Supreme Court, Richmond County. (Id.) The Appellate Division also denied petitioner's motion for leave to prosecute his direct appeal as a poor person and for the appointment of counsel with leave to renew upon proper papers, including an affidavit from petitioner setting forth: (1) whether he was represented by assigned or retained counsel in the trial court and, if retained, the amount and source of counsel fees paid to retained counsel; and (2) if he was on bail before conviction, the amount and source of the bail money, and if bail was his own money, what happened to the money after conviction. (Id.) As of the filing of the papers on the instant motion, petitioner has not renewed his motion and petitioner's direct appeal remains pending and unperfected. (See Litsky Decl. ¶ 15.)

On June 29, 2015, during the pendency of his direct appeal, petitioner filed a pro se motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10.[2] (See Resp. Ex. E.) On February 24, 2016, the court hearing petitioner's § 440 request (the "§ 440 court") denied the motion. To the extent that petitioner raised the same claims he asserted in his prior counseled C.P.L. § 330.30 motion, the court denied the motion for the reasons stated in its decision dated December 22, 2014. (Resp. Ex. G; see also Resp. Ex. B.) The court considered petitioner's remaining claims and rejected them. (Resp. Ex. G.) On March 2, 2016, the Richmond County District Attorney's Office served petitioner with a copy of that order and notice of entry. (Resp. Ex. H.) As of the filing of respondent's motion to dismiss in the instant action, petitioner had not yet sought leave to appeal that order to the Appellate Division, Second Department. (Litsky Decl. ¶ 18.)

On November 6, 2015, petitioner filed the instant pro se petition for a writ of habeas corpus. Petitioner raises the following claims: (1) the trial court erred by not instructing the jury that the presence of his name on certain records was insufficient to establish that he had a prior conviction and that he was the subject of an order of protection; (2) there was not sufficient evidence to establish that he was previously convicted of criminal contempt and the subject of an order of protection; (3) his prosecution was untimely under New York's speedy trial statute, C.P.L. § 30.30; (4) his trial counsel was ineffective because he: (a) failed to file a motion to dismiss under C.P.L. § 30.30, (b) did not seek his release from custody pursuant to C.P.L. § 180.80, and (c) was in "cahoots" with the prosecutor; (5) the indictment was: (a) duplicitous and (b) defective because it

---

[2] Petitioner contended that: (1) "the complaining witness was severely compromised"; (2) the trial court erred by not instructing the jury in accordance with People v. Van Buren, 82 N.Y.2d 878 (1993); (3) his case should be dismissed on state speedy trial grounds under C.P.L. § 30.30; and (4) his attorney "was negligent in violating [his] 180.80 motion [sic] and was in cohoots [sic] with the prosecution." (Resp. Ex. E ¶¶ 2, 5.)

3

referred to him as "John Campos" or "the defendant," rather than "John S. Campos;" (6) there was prosecutorial misconduct because the People falsified evidence and engaged in coercion; and (7) there was judicial misconduct of an unelaborated nature. (See Petition.)

## STANDARD OF REVIEW

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust his available state remedies. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process") (internal quotation marks and citation omitted). A petitioner has exhausted his state remedies when he has: "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." Ramirez v. Attorney General of State of New York, 280 F.3d 87, 94 (2d Cir. 2001). A petitioner may not introduce new claims for the first time in his federal habeas petition, but "[must] present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971).

"In New York, to invoke one complete round of the State's established appellate review process," for claims that are on the record, "a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005) (internal quotation marks and citation omitted). If a petitioner's claims are outside the record, then he may exhaust them by bringing a motion to vacate the judgment in the trial court under C.P.L. § 440.10, and then by seeking leave to appeal to the

Appellate Division if the petitioner receives an adverse ruling. See C.P.L. § 450.15(1); People v. Schrock, 900 N.Y.S.2d 804, 807 (2010). There is no time limit within which an individual must bring a § 440.10 motion. See C.P.L. § 440.10(1).

## DISCUSSION

### I. On the Record Claims

To the extent that petitioner's claims were "on the record," petitioner has failed to exhaust them because he has not attempted to perfect his direct appeal. Appellate Division rules provide that an unperfected criminal appeal is "deemed abandoned in all cases where no application has been made by the defendant for the assignment of counsel to prosecute the appeal within nine months of the date of the notice of appeal unless the time to perfect shall have been extended pursuant to [§ 670.8(d)]." See 22 N.Y.C.R.R. § 670.8(f). In this case, however, petitioner made such an application, but simply failed to renew that application by providing the Appellate Division with the information it requested in its order dated August 19, 2015. Nothing prevents petitioner from now providing the Appellate Division with that information or for moving for an extension of time to perfect his appeal. See 22 N.Y.C.R.R. § 670.8(d)(2) ("Where a party shall establish a reasonable ground why there cannot or could not be compliance with the time limits prescribed by this section, or such time limits as extended by stipulation pursuant to paragraph (1) of this subdivision, the clerk or a justice may grant reasonable enlargements of time to comply."). Moreover, even if petitioner does not perfect his direct appeal, petitioner's judgment will only be considered final thirty days after the Appellate Division dismisses the appeal as abandoned and if petitioner does not seek leave to appeal to the New York Court of Appeals. See Perez v. Haynes, No. 10-CV-713 (MKB), 2012 WL 4738997, at *3 (E.D.N.Y. Oct. 3, 2012).

Petitioner's claim for improper jury instructions was found to be "on the record" by the § 440 court, but petitioner has not raised it as a claim on direct appeal to the Appellate Division.[3] See (Resp. Exs. B, E.) Instead, petitioner included the claim in his § 440.10 motion. Because this claim was made "on the record," it should have been brought on direct appeal, which petitioner has failed to perfect. Failing to raise his claim in the proper procedural vehicle does not exhaust petitioner's claim. See Dean v. Smith, 753 F.2d 239, 241 n.4 (2d Cir. 1985) ("The exhaustion doctrine does not require that all avenues of state review have been exhausted . . . but, at a minimum, the petitioner is required to present his claim to a state court vested with the proper authority to hear the claim and grant the relief sought."). Moreover, petitioner's improper jury instructions claim was only raised on state law grounds. (Resp. Ex. E.) In his motion, he stated that "the most egregious error was not to instruct the jury," citing to People v. Van Buren, 82 N.Y. 878 (1993), which does not actually address any federal claims. "The exhaustion doctrine requires that a prisoner seeking to upset his conviction on federal grounds must have given the state courts a fair opportunity to review his federal claim and correct the alleged error." Dean, 753 F.2d at 241. For these reasons, as with the rest of his on the record claims, petitioner has failed to exhaust his jury instructions claim through a perfected appeal to the Appellate Division.

## II.   Outside the Record Claims

To the extent petitioner now brings claims that were "outside the record," they are unexhausted either because they have not yet been raised in a § 440.10 motion, they were only raised previously on state law grounds, or petitioner has failed to seek leave to appeal the trial court's § 440 order. In his § 440.10 motion, petitioner asserted that his trial counsel was ineffective

---

[3] The § 440 court rejected this claim in its order because it found that the claim was decided "on the record" and "require[d] no further exposition."

because he (1) did not seek petitioner's release pursuant to C.P.L. § 180.80 and (2) was in "cahoots" with the prosecutor.[4] Petitioner did not make it clear to the state court whether he was asserting his claim, at least in part, on federal grounds. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" See Baldwin v. Reese, 541 U.S. 27, 32 (2004). Petitioner failed to make any such indication in his § 440.10 motion. Moreover, petitioner has not sought leave to appeal the trial courts § 440 order, which would be the next step toward exhaustion. See C.P.L. § 450.15(1); Grant v. Hopkins, 681 F. Supp. 224, 225 (S.D.N.Y. 1988). Similarly, petitioner also asserted in his § 440.10 motion that the prosecution was untimely under New York's speedy trial statute, C.P.L. § 30.30, a claim which he failed to exhaust because he did not raise it under federal grounds and did not seek leave to appeal the claim's denial.

Petitioner's current outside the record claims that were not brought in his original § 440.10 motion also remain unexhausted because petitioner may pursue a second § 440.10 motion, as there is no time limit to filing such a motion under New York law. See Burnett v. Lee, No. 13-CV-4425 (KAM), 2015 WL 4389888, at *10 (E.D.N.Y. July 15, 2015). Furthermore, even if petitioner had brought any of his claims under federal law in his § 440.10 motion, his claims would still not be exhausted because he has not sought leave to appeal the § 440 court's order. (Litsky Decl. ¶ 18.)

---

[4] To the extent that petitioner seeks to assert, as a federal claim, an "on the record" ineffective assistance of trial counsel claim, he may exhaust that claim by raising it on direct appeal, given that his direct appeal remains pending and unperfected.

7

### III. This Denial of the Petition Will Not Bar Future Federal Habeas Claims as Outside the Limitations Period or as Second or Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in habeas corpus proceedings, which, absent Supreme Court review, generally begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Denial of a petition does not foreclose future federal habeas review of petitioner's claims here, however, because the one-year AEDPA statute of limitations period has not yet begun to run, as none of the state court judgments have become final. The claims that petitioner raised on his direct appeal to the Appellate Division will not become final until petitioner perfects his direct appeal and a judgment is reached, or once thirty-days have passed after the Appellate Division dismisses the appeal as abandoned and petitioner fails to seek leave to appeal to the New York Court of Appeals. The one year statute of limitations may also be tolled for an additional period of time as to petitioner's claims raised in his § 440.10 motion if he seeks leave to appeal the § 440 court's order. See Doyle v. Yelich, No. 05-CV-2750 (JG), 2005 WL 2475727, at *1 (E.D.N.Y. Oct. 7, 2005), at *1 ("The filing of a § 440 motion tolls the limitations period until the Appellate Division either decides the motion on appeal or denies an application for leave to appeal from the denial of the motion." (citing Carey v. Saffold, 536 U.S. 214 (2002))). Moreover, dismissal based solely on exhaustion grounds does not bar a future federal habeas petition as "second or successive." See James v. Walsh, 308 F.3d 162, 167–68 (2d Cir. 2002).

### CONCLUSION

For the reasons stated above, the Court dismisses the habeas petition without prejudice. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of

appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: March 13, 2017
Brooklyn, New York

s/Carol B. Amon
_____
Carol Bagley Amon
United States District Judge